**Hector Eduardo LOPEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–71446. INS No. A70–810–319.**

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2002.*

Decided July 22, 2002.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and KING, District Judge.**

### MEMORANDUM ***

The Board of Immigration Appeals did not err in denying Lopez's application for suspension of deportation. The Board found that Lopez did not satisfy the statutory requirement of seven years of continuous physical presence in the United States before the Order To Show Cause issued in August 1995. This finding is supported by "substantial evidence," *see Kalaw v. INS,* 133 F.3d 1147, 1151 (9th Cir.1997), because Lopez had earlier stated in an asylum application that he first arrived in the United States on September 25, 1991, too late to have allowed him to accrue the seven years required to qualify

---

for suspension relief. Although Lopez now argues that the date on the sworn asylum application was incorrect and that the real date of first arrival was June 1988, other evidence contradicts this assertion. For example, the Board pointed to a Guatemalan identity card issued to Lopez in 1989 that bore his fingerprints and signature, which tended to show that he was still in Guatemala in 1989. While Lopez argues that the card was issued to him when he was in the United States, the Board did not believe him, and with good reason: Lopez gave no details about the steps he took while he was in the United States to have the Guatemalan authorities accept his foreign application. Lopez's admission that he had given false information under oath once before to obtain immigration benefits also detracted from his credibility. Because the Board has articulated a legitimate basis for disbelieving Lopez and because its findings are supported by substantial evidence, *see Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000), we defer to its credibility determinations.

Since Lopez has not established seven years of continuous physical presence in the United States, he is statutorily ineligible for suspension of deportation. 8 U.S.C. § 1254(a)(1) (1994) (repealed). We need not address moral character and extreme hardship.

We reject Lopez's argument that the Immigration Judge and the Board violated his due process rights by failing to adjudicate his asylum claims. Lopez did not pursue his asylum application before the Immigration Judge or the Board. Finally, because Lopez failed to exhaust administrative remedies, we lack jurisdiction to

review his asylum claims. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994).

PETITION DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.